# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | |
|---|---|
| KUNTA J. COMMODORE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 12-2957-JDT/tmp |
| ) | |
| GLEN WILLIAMS, JUDGE GWEN ) | |
| ROOKS, and M. BOYD, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

___

**ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS AS TO OFFICERS
WILLIAMS AND BOYD
AND
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL OF CLAIMS
AGAINST JUDGE GWEN ROOKS**

___

On November 1, 2012, Plaintiff Kunta J. Commodore, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The court issued an order on November 5, 2012, granting leave to proceed *in forma pauperis* and referring the case to the *pro se* staff attorney for screening. (ECF No. 3.) This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

On November 1, 2012, Commodore filed a civil rights complaint against Shelby County General Sessions Judge Gwen Rooks, Court

Officer Glen Williams, and Court Officer "M. Boyd."  Commodore alleges that on or about October 27, 2011, he appeared in Judge Rooks's courtroom on a summons.  He claims that Judge Rooks denied him due process by not allowing him to speak and then ordering the court officers to take him to jail.  Commodore alleges that Officers Williams and Boyd then proceeded to take him to the jail intake area, at which time they wrestled him, fought him, bound his arms, and forced him to place his inked fingerprints on an identification card with someone else's name on it.  Commodore seeks an award of money damages for his injuries.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under that statute because "the relevant statutory language tracks the language in Rule 12(b)(6)."  Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S.

at 678 (quoting Twombly, 550 U.S. at 570). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991).

As to Commodore's claim against Judge Rooks, judicial officers are generally absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11–12; Barnes, 105 F.3d at 1116. It is clear from the facts alleged in the complaint that judicial immunity bars Commodore's claims against Judge Rooks. Thus, *sua sponte* dismissal of the claims against Judge Rooks is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(iii). See Metzenbaum v. Nugent, 55 F. App'x

729, 729 (6th Cir. 2003) (upholding district court's *sua sponte* dismissal of a complaint because the named defendant, a judge, was entitled to absolute judicial immunity); <u>Forbush v. Zaleski</u>, 20 F. App'x 481, 481 (6th Cir. 2001) (same). Thus, it is recommended that all claims against Judge Rooks be dismissed.

As to Commodore's claims against Officers Williams and Boyd, it is ORDERED that the Clerk shall issue process for defendants Williams and Boyd, and deliver that process to the Marshal for service. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

---

[1] A free copy of the Local rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Respectfully submitted,

        s/ Tu M. Pham
        TU M. PHAM
        United States Magistrate Judge

        August 28, 2013
        Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**