# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| KUNTA J. COMMODORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2957-JDT/tmp |
| | ) | |
| GLEN WILLIAMS and M. BOYD, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the court by order of reference is defendant M. Boyd's ("Officer Boyd") Motion to Dismiss for Failure to State a Claim, filed on October 3, 2013. (ECF No. 9.) To date, plaintiff Kunta J. Commodore has failed to file a response to the motion, and the time for doing so has expired. The court, having considered Officer Boyd's Motion to Dismiss, the memorandum submitted in support thereof, and the entire record of the case, recommends that the motion be granted. In addition, although defendant Glen Williams ("Officer Williams") has not yet been served, the court *sua sponte* recommends that the complaint be dismissed against Officer Williams pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

The complaint contains the following allegations. On October

27, 2011, Commodore appeared in court after receiving a summons ordering him to do so on October 14, 2011. Once in the courtroom, Officer Williams asked Commodore for identification and requested that Commodore follow him. Officer Williams took Commodore to a holding cell next to Judge Gwen Rooks's bench. At the time, Officer Boyd was sitting in a chair on the other side of the courtroom from the holding cell.

In "trying to address the court about [his] wrongful detainment," Commodore began to question the authority of Judge Rooks and Officers Williams and Boyd while they attempted to determine the "extent" of Commodore's violations. Judge Rooks allegedly told Commodore to "shut up" and, that if he continued to talk, she would have him locked up "right now." Judge Rooks then allegedly ordered that Commodore "be kidnapped and taken into bondage." Officer Williams began to approach Commodore in order to comply with the judge's order, and Commodore resisted. Officer Williams requested that Officer Boyd assist him in restraining the combative Commodore, and they "forcibly restrained [him]."

The two officers took Commodore to jail intake where they requested that Commodore provide a fingerprint for purposes of proper documentation. After Commodore refused and, again, began to resist the officers, Officers Williams and Boyd used force to bring Commodore into compliance with their request. Shortly thereafter, Commodore was released.

-2-

## II. PROPOSED CONCLUSIONS OF LAW

Officer Boyd moves the court to dismiss Commodore's complaint under Fed. Rule Civ. P. 12(b)(6), arguing: (1) the complaint fails to state a claim for which relief may be granted; (2) the applicable statute of limitations periods as to all federal and state law claims expired prior to the filing of the complaint; and (3) even if the complaint states a claim and is not time-barred, Officer Boyd is entitled to qualified immunity under both federal and state law.

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) tests the sufficiency of the claim for relief, "and as such, it must be understood in conjunction with Rule 8(a), which sets out the federal standard for pleading." Hutchison v. Metro. Gov't of Nashville and Davidson Cnty., 685 F. Supp. 2d 747, 748-49 (M.D. Tenn. 2010) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004)). In reviewing the complaint, the court construes the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP, 622 F.3d 471, 477-78 (6th Cir. 2010). "Under Federal Rule of Civil Procedure 8(a)'s pleading standard, a plaintiff must provide 'a short and plain statement of the claim showing that [he] is

entitled to relief.'" Ashland, Inc. v. Oppenheimer & Co., Inc., No. 10-5305, 2011 WL 3181277, at *3 (6th Cir. July 28, 2011). "Yet the complaint must include more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' . . . and instead proffer 'enough facts to state a claim to relief that is plausible on its face[.]'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Generally, a Rule 12(b)(6) motion is not an appropriate vehicle for dismissing a claim based upon the statute of limitations because the statute of limitations is an affirmative defense, and "a plaintiff generally need not plead the lack of an affirmative defense to state a valid claim." Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012). But, when the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. Id. (citing Jones v. Bock, 549 U.S. 199, 215 (2007)).

Actions under § 1983 are governed by state statutes of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year limitation period. Tenn. Code Ann. § 28-3-104(a); see also Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil

-4-

rights statutes is one year.") (citations omitted). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. In particular, the § 1983 statute of limitations period begins on the date of the constitutional violation. Jacox v. City of Memphis, 12-2337-JDT/DKV, 2013 WL 5937965, at *3 (W.D. Tenn. 2013) (dismissing § 1983 complaint as time-barred where defendant's alleged violation occurred on April 26, 2011, and the plaintiff filed the complaint on April 27, 2012).

According to Commodore's complaint, the alleged constitutional violation committed by the officers occurred on October 27, 2011. However, he did not file his complaint until over a year later, on November 1, 2012. (ECF No. 1.) Because Commodore failed to file his complaint within the one-year statute of limitations period, his § 1983 claim against Officer Boyd is time-barred. To the extent Commodore also purports to bring state law claims for assault, false arrest, and false imprisonment, those claims are also barred by the one-year statute of limitations. See Tenn. Code

Ann. § 28-3-104(a); see also Ramsay v. Custer, 387 S.W.3d 566, 570 n.1 (Tenn. Ct. App. 2012) (one-year statute of limitations for personal injury based on assault); Crowe v. Bradley Equipment Rentals & Sales, Inc., No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *6 (Tenn. Ct. App. Mar. 31, 2010) (one-year statute of limitations for false arrest and false imprisonment causes of action).[1]

Finally, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court recommends that all claims against Officer Williams - which are identical to the claims against Officer Boyd - likewise be dismissed as being barred by the one-year statute of limitations. See 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that the court "shall dismiss the case at any time" if the court determines that the action fails to state a claim on which relief may be granted).

### III. RECOMMENDATION

For the above reasons, it is recommended that Officer Boyd's motion to dismiss be granted, that all claims against Officer Williams be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that this case be dismissed in its entirety.

Respectfully submitted,

    s/ Tu M. Pham
    TU M. PHAM
    United States Magistrate Judge

---

[1] Because the court recommends dismissing all of the claims as being time-barred, it need not address the other arguments raised in the motion to dismiss.

<u>November 21, 2013</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**